UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Addison, # 243778, | ) C/A No. 8:11-2705-CMC-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| South Carolina Department of Corrections; | ) |
| Director William Byars; | ) |
| Lieber Correctional Institution; | ) |
| Warden Wayne McCabe; | ) |
| Clerk of Court Julie J. Armstrong, | ) |
| | ) |
| Defendants. | ) |

## *Background of this Case*

Plaintiff is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC). Plaintiff is serving a life sentence for kidnapping and assault and battery with intent to kill. Plaintiff's convictions were entered in the Court of General Sessions for Charleston County in September of 1997. *See State v. Addison*, 338 S.C. 277, 525 S.E.2d 901 (S.C.Ct.App. 1999), *affirmed in part and modified in part*, 343 S.C. 290, 540 S.E.2d 449 (2000).[1]

---

[1] The jury in the Court of General Sessions for Charleston County acquitted the plaintiff of first-degree criminal sexual conduct. *State v. Addison*, 338 S.C. at 279 n. 1, 525 S.E.2d at 902 n. 1.

In the above-captioned case, Plaintiff has brought suit against the South Carolina Department of Corrections, its Director, the Lieber Correctional Institution, its Warden, and the Clerk of Court for Charleston County. In his answer to Question II(B) Plaintiff states that he is attempting to litigate the following issue in this case: "Executive Dept. neglected a ministerial duty that deny Plaintiff rights safeguarded by the separation of powers." (Complaint, at page 2). Plaintiff states that he filed a grievance (No. LCI0552-11) and that his grievance is still pending.

In the "STATEMENT OF CLAIM" portion of the § 1983 Complaint, Plaintiff alleges and contends:

> on 4/29/11 The Plaintiff Submitted A General Traverse Attached denying Comitment [*sic*] No. 96-GS-10-4323 and 97-GS-10-4845 To Which He Recieved [*sic*] No Response Thereafter on 5/3/11 Plaintiff filed Grievance Attached To Which He Recieved [*sic*] No Response.  On 10/3/11 The Plaintiff filed 42 U.S.C. 1983 Complaint, for the following reasons:
>
> (1) on or about 10/2/96 The Charleston Co. Clerk of Court Deny The Plaintiff Right to Notice of 180 Days Prosecutorial Bar Protection Safeguarded by the Separation of powers.
>
> (2) Wayne McCabe Neglected a Ministerial Duty Requiring Him to Present Commitment Orders (Attached) To The Judicial dept. for Redress That denied The Plaintiff Constitutional Protections Safeguards By The Separation of powers.

(Complaint, at page 3 [irregular capitalization and punctuation in original]). In his prayer for relief, Plaintiff seeks relief from the ordered Judgment and liabilities (damages) of $35,000 from the Clerk of Court for Charleston County "ET. AL.[,]" and $50,000 from the South Carolina Department of Corrections.

## *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his/her pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the Court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Even when considered under this less stringent standard, however, the § 1983 Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

3

allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The South Carolina Department of Corrections, from which Plaintiff seeks $50,000 in damages, is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

The Lieber Correctional Institution is a group of buildings or a facility.  Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law.  Hence, the Lieber Correctional Institution is not a "person" subject to suit under 42 U.S.C. § 1983.  *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C.

§ 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."), which are cited in *Jones v. Lexington County Detention Center*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008). *Cf. Roach v. West Virginia Regional Jail and Correctional Facility*, 74 F.3d 46, 48 (4th Cir. 1996).

The Court of General Sessions for Charleston County is a court in the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Spartanburg County Dept. of Social Services v. Padgett*, 370 S.E.2d 872, 875-76 & n. 1 (1988); and *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (1975). The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See Bailey v. State*, 309 S.C. 455, 424 S.E.2d 503 (1992).

County Clerks of Court, such as Defendant Armstrong, are part of the unified judicial system. *See* S.C. Const. Art.V, § 24, which provides:

> There shall be elected in each county by the electors thereof a clerk of the circuit court, a sheriff, and a coroner; and in each judicial circuit a solicitor shall be elected by the electors thereof.

*See also McCormick County Council v. Butler*, 361 S.C. 92, 603 S.E.2d 586 (2004) (Clerk of Court, not county administrator, had right to assign office space and possess keys to offices within county courthouse). Since Clerk of Court Armstrong has been acting in her

5

official capacity at all relevant times in this case, she is immune from suit under the Eleventh Amendment.  *See Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 (D.S.C. 2010), which cites *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995).  Furthermore, Clerk of Court Armstrong also has quasi judicial immunity.[3]

---

[3]*See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981).  In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a ruling from the bench, commented:

> The clerk, Joseph Joseph, is also immune from suit.  In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune."  We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969).  If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court.  See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

*Mourat v. Common Pleas Court for Lehigh County*, 515 F. Supp. at 1076.  *See also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989).  *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995); *and Mayes v. Wheaton*, No. 97 C 8072, 1999 WL 1000510 (N.D. Ill., Nov. 1, 1999) ("Judicial immunity extends to all persons performing judicial and quasi-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer."), *citing Forrester v. White*, 484 U.S. 219, 226-27 (1988).

*Forrester v. White*, 484 U.S. 219, 226-27 (1988).  *See also Abebe v. Propes*, Civil Action No. 0:11-1215-MBS-PJG, 2011 WL 2581385 (D.S.C. June 3, 2011) (collecting cases), *adopted*, 2011 WL 2600593 (D.S.C. June 29, 2011).

Any claims by Plaintiff relating to his convictions for kidnapping and assault and battery with intent to kill — including the Judgment and Commitment issued by the Court of General Sessions for Charleston County — are barred because a right of action has not yet accrued.  *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-87 (footnote omitted).

Since Plaintiff acknowledges that he his disputing the Judgment and Commitment Order from the Court of General Sessions, the decision of the United States Court of Appeals for the Fourth Circuit in *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), is not applicable because Plaintiff's incarceration is not the result of an erroneous calculation of a sentence by a state corrections department.

The alleged failure of the Court of General Sessions to require a response from Defendant McCabe does not give rise to liability under Section 1983. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989) (civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under state's law).[4]

Plaintiff cannot obtain release from prison in this civil rights action. *See Heck v. Humphrey*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983");

---

[4]In various exhibits (ECF No. 1-1), Plaintiff contends that the SCDC and its officials are failing to comply with S.C. Code Ann. 17-17-30 (Westlaw 2011), which provides:

> **§ 17-17-30. Authority of judges to grant writs of habeas corpus.**
>
> Any of the judges of this State, in vacation time and out of term, upon view of the copy of the warrant of commitment and detainer or otherwise and upon oath made that such copy was denied to be given by the person in whose custody the prisoner is detained, shall, upon request made in writing by such person as is committed as aforesaid or any on his behalf, attested and subscribed by two witnesses who were present at the delivery of the request, award and grant a writ of habeas corpus, under the seal of such court, whereof he shall be one of the judges.

South Carolina law allows both habeas corpus applications and applications for post-conviction relief (PCR). *Williams v. Ozmint*, 380 S.C. 473, 671 S.E.2d 600 (2008) (outlining differences between PCR and habeas corpus). *But see Harvey v. South Carolina*, 310 F. Supp. 83, 85 (D.S.C.1970) (enactment of post-conviction statute supplanting supplanted habeas corpus with another procedure did not suspend right of habeas corpus).

and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).[5]

The Eleventh Amendment also bars consideration of Plaintiff's claims relating to separation of powers at the state level. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Secondly, even if Plaintiff were challenging state action based on the Guarantee Clause of the Constitution of the United States,[6] he has presented no justiciable question. *See Baker v. Carr*, 369 U.S. 186, 224 (1962); and *City of Rome v. United States*, 446 U.S. 156, 182 n. 17, (1980) ("[w]e do not reach the merits of the appellants' argument that the Act violates the Guarantee Clause . . . since that issue is not justiciable."); and *Luther v. Borden*, 48 U.S. 1 (7 How.) 1, 38-39 (1849). The Supreme Court's rationale is that Article IV, Section 4 does not contain sufficient standards for a court to utilize in invalidating state action. *Baker v. Carr*, 396 U.S. at 223.

---

[5]The State of South Carolina's Judgment and Commitment form in 1997 was a "SENTENCE" sheet. Plaintiff's two "SENTENCE" sheets appear at ECF No. 1-1, at pages 23-24. Both "SENTENCE" sheets show that the Honorable Victor Rawl, (then) South Carolina Circuit Judge, on September 5, 1997, imposed life with parole for kidnapping and for assault and battery with intent to kill.

[6]The Guarantee Clause (also referred to by courts as the Guaranty Clause) provides that "[t]he United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence." To violate the Guarantee Clause, a state must pose some "realistic risk of altering the form or method of functioning of government." *New York v. United States*, 505 U.S. 144, 185 (1992).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Plaintiff's attention is directed to the Notice on the next page.

October 20, 2011  
Greenville, South Carolina

s/Jacquelyn D. Austin  
Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> 300 East Washington Street — Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).