IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Jerome Addison, #243778, | ) | C/A NO.  8:11-2705-CMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Director William Byars; Lieber Correctional | ) | |
| Institution; Warden Wayne McCabe; | ) | |
| Clerk of Court Julie J. Armstrong, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report").  On October 20, 2011, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed objections to the Report and a motion to amend on November 4, 2011.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

In large part, Plaintiff's objections reference the particulars of the proposed amended complaint. The objections note his agreement or disagreement with portions of the Report, but fail to point to any legal or factual error in the Report. Therefore, his objections are without merit.

Plaintiff has filed a motion to amend his complaint, together with a proposed amended complaint. Under the standards outlined in the Report, the court has reviewed Plaintiff's proposed amended complaint and finds that Plaintiff's motion to amend should be denied based upon futility.

The Supreme Court has construed the phrase "when justice so requires" in Rule 15(a) to preclude granting leave to amend when any of the following are found to exist: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (citations omitted). In assessing "futility," the district court applies the same standard of legal sufficiency as applied under Rule 12(b)(6). *Id.*

Under Rule 12(b)(6), a motion to dismiss should be granted only when it appears that plaintiff can prove no set of facts in support of a claim that would entitle plaintiff to relief on that

claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss for failure

to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed

in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th

Cir.1993); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). This

principle only applies to factual allegations, however, and "a court considering a motion to dismiss

can choose to begin by identifying pleadings that, because they are no more than conclusions, are

not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1950

(2009).

In the currently-pending complaint, Plaintiff names the South Carolina Department of

Corrections; Director William Byars; Lieber Correctional Institution; Warden Wayne McCabe; and

Clerk of Court Julie J. Armstrong. *See* Compl. at 1 (ECF No. 1, filed Oct. 11, 2011). In the

objections filed November 4, 2011, Plaintiff dismisses Defendants Lieber Correctional Institution

and Armstrong. *See* Obj. at 2 (ECF No. 21). Therefore, these Defendants are dismissed from this

matter without prejudice and without issuance and service of process.

In the proposed amended complaint, Plaintiff names three Defendants: Warden Wayne

McCabe; South Carolina Department of Corrections; and Director William Byars. Proposed Amd.

Compl. at 1, 2 (ECF No. 23-1, filed Nov. 4, 2011).

Plaintiff indicates in his objections that he "is seeking injunctive relief against the

Department of Correction[s]," and that Defendant Byars is named as a Defendant pursuant to S.C.

Code § 24-1-220.[1] Obj. at 1. Regarding these Defendants, the proposed amended complaint does

---

[1]"All actions or suits at law accruing to the department shall be brought in the name of the director, who shall also appear for and defend actions or suits at law in which it is to the interest of the department to appear as a party defendant. No suit or action at law shall be brought for or defended on behalf of the department except by authority of the director." S.C. Code Ann. § 24-1-220.

3

not overcome the immunity afforded the South Carolina Department of Corrections (SCDC) under the Eleventh Amendment, as discussed by the Magistrate Judge in the Report.  Therefore, Defendant SCDC is dismissed from this action without prejudice.

As to Defendant Byars,[2] the injunctive relief sought by Plaintiff in the proposed amended complaint is an "[i]njunction against unqualified staff librarian unfamiliar with the legal process at the Lieber Correctional Institution."  Proposed Amd. Compl. at 5.  Even if amenable to suit in his official capacity,[3] Plaintiff's amendment fails as to Byars.  The proposed amended complaint includes the barest of allegations relating to a supposed "unqualified staff librarian unfamiliar with the legal process . . . ."  Even construed liberally, this conclusory assertion is an "unadorned allegation[] of wrongdoing" which fails to provide any factual allegation supporting a § 1983 claim, *Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009), and fails to allege that Byars is somehow responsible for enforcing some heretofore unidentified constitutional requirement of providing "qualified" personnel "familiar" with the legal process.

Lastly, Plaintiff names Defendant McCabe in his individual capacity in the proposed amended complaint, and seeks monetary damages in the amount of $350,000.  Proposed Amd. Compl. at 1-2, 5.  The proposed amendment alleges that "[t]he Defendant['s] conduct" deprived Plaintiff of a "right to redress of grievance and habeas corpus" and "deprived the Plaintiff['s] right

---

[2]The purpose of South Carolina Code § 24-1-220 is to designate a representative to represent SCDC in litigation in which SCDC is a plaintiff or defendant.  Section 24-1-220 does not reflect a waiver of sovereign immunity such that the State of South Carolina, through SCDC, could be held liable for a violation of 42 U.S.C. § 1983.

[3]A lawsuit against Byars acting in his official capacity which seeks prospective injunctive relief is not barred by the Eleventh Amendment.  In such a circumstance, Byars, is a person under 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989), and "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

4

to equal protection under the 14th Amendment of U.S. Const." *Id*. at 3 (abbreviations in original).

It is well-settled that in order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Additionally, to state a § 1983 claim, Plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, (1976). Plaintiff's allegations regarding purported actions or inactions of Warden McCabe fail to show how McCabe may have acted personally in the alleged deprivation of Plaintiff's constitutional rights, thereby condemning the proposed amended complaint.

Plaintiff's motion to amend is **denied**. This matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 22, 2011

5